**Adrian L. DUNN, Plaintiff–Appellant,**

v.

**Michael B. MATTIVI, Probation Officer; John 1 Doe, Federal Agent; John 2 Doe, Federal Agent, Defendants–Appellees.**

No. 13–2382.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 18, 2013.

Filed: Oct. 23, 2013.

Adrian L. Dunn, Oakdale, LA, pro se.

No appearance for appellees.

Before LOKEN, BYE, and BENTON,
Circuit Judges.

PER CURIAM.

Federal inmate Adrian L. Dunn, Sr. appeals the district court's[1] pre-service dismissal, without prejudice, of his pro se action brought under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 389, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and state law, challenging the search and seizure of his property. Upon de novo review, *see Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (28 U.S.C.

§ 1915A dismissal), this court affirms with modification.

Dunn challenged a search of the residence he shared with his girlfriend. The search was conducted by the girlfriend's probation officer, accompanied by two federal law-enforcement officers. The district court correctly held the girlfriend's consent was sufficient to allow a search of the entire premises. *See Illinois v. Rodriguez,* 497 U.S. 177, 181, 186, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (search conducted pursuant to consent of occupant valid as to absent co-occupant who shares, or is reasonably believed to share, authority over area in common). Neither the presence of law-enforcement officers at the search nor the actual motivations for conducting the search change the result. *See United States v. Knights,* 534 U.S. 112, 122, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (reasonableness of search evaluated under traditional Fourth Amendment analysis; no basis for examining official purpose); *United States v. Brown,* 346 F.3d 808, 811–12 (8th Cir.2003) (no basis for examining official purpose or "actual motivations" of officers; *Knights* eliminated "stalking horse" or "investigatory purpose" inquiry); *cf. United States v. Becker,* 534 F.3d 952, 955–57 (8th Cir.2008) (consensual search of probationer's residence by probation officer and two law-enforcement officers did not violate Fourth Amendment).

Because the complaint failed to state a federal claim, the dismissal of Dunn's *Bivens* claims is modified to be with prejudice. The without-prejudice dismissal of Dunn's pendent state-law claims was within the district court's discretion. *See Labickas v. Ark. State. Univ.,* 78 F.3d 333, 334–35 (8th Cir.1996) (per curiam) (follow-

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

ing dismissal of federal claims, court may dismiss state law claims without prejudice).